UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TOWNSEND FARMS, INC.,

        Plaintiff,

-against-

GOKNUR GIDA MADDELERI ENERJI IMALATE ITHALAT IHRACAT TICARET VE SANAYI A.S. and UNITED JUICE CORP.,

        Defendants.

Case No. 1:20-MC-00075

---

### JUDGMENT CREDITOR'S OPPOSITION TO JUDGMENT DEBTOR'S MOTION TO QUASH AND TO MODIFY INFORMATION SUBPOENAS AND NOTICES OF RESTRAINT

    Plaintiff and Judgment Creditor Townsend Farms, Inc. ("TFI"), by and through its undersigned counsel, submits this memorandum of law in opposition to Defendant/Judgment Debtor Göknur Gida Maddeleri Enerji Imalate Ithalat Ihracat Ticaret ve Sanayi A.Ş.'s ("Göknur") motion seeking the following relief:

    1.    An order pursuant to Rule 45 of the Federal Rules of Civil Procedure quashing the CPLR information subpoena and restraining notice served on Göknur; and

    2.    An order pursuant to CPLR 5240 modifying the information subpoena and restraining notice served on Göknur's counsel, Kaufman & Kahn LLP ("Kaufman"), to allow the firm to receive payment for legal services provided in connection with post-judgment discovery.

    TFI respectfully requests that this Court deny the motion in its entirety and mandate compliance with the restraining notices and prompt responses to the discovery questions. The motion is nothing more than a continued attempted by Göknur, and now its counsel, to avoid its

1

nearly $3 million judgment obligations to TFI stemming from a Hepatitis A outbreak caused by Göknur.

Based on the allegation that this Court does not have personal jurisdiction over Göknur, Göknur asks this Court to quash the information subpoena. This argument fails as Göknur waived any rights to challenge jurisdiction by its appearance in this matter without noting an objection to the Court's jurisdiction. The second part of the motion fails as well because Göknur cannot use the law as a shield to protect nonexempt cash in Kaufman's trust account while TFI seeks assets for execution. Indeed, CPLR restraining notices make no exceptions for payment of legal fees; especially where the judgment debtor boasts about having annual revenues exceeding $130 million, being of the largest companies in Turkey, and with two of its leading shareholders as large Middle Eastern banks.[1] As such, the motion should be denied in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

In 2017, Judgment Creditor TFI was awarded a judgment in the U.S. District Court for the Central District of California against Defendants Göknur and its alleged alter-ego United Juice Corp. After the conclusion of the appeals process, the District Court issued a final judgment in the principal amount of $2.7 million, plus interest from the date of the original judgment. On February 2, 2020, TFI registered the judgment in this Court. Dkt. No. 1. Thereafter, TFI commenced execution efforts:

1.      On September 14, 2020, this Court ordered that service of "all discovery and restraining notices" could be served on Göknur by emailing Göknur's New York-based in-house counsel, Naomi Hills, Esq. Dkt. No. 11.

---

[1] *See* Ercan Ersoy, Feb. 6, 2012, *Venture Capital Bank, Alkhair Pay $100 Million for Goknur Gida,* Bloomberg, https://www.bloomberg.com/news/articles/2012-02-06/venture-capital-bank-alkhair-pay-100-million-for-goknur-gida (last accessed Oct. 19, 2020).

2. On September 17, 2020, TFI served a retraining notice on Göknur pursuant to CPLR § 5222(b) ("Göknur Restraint"). Def.'s Br. at 1; Exhibit 1.

3. On September 23, 2020, TFI served an information subpoena pursuant to CPLR §§ 5223 and 5224 on Göknur ("Göknur Subpoena"). Def.'s Br. Ex. 1 at Ex. C.

4. On October 1, 2020, TFI served an information subpoena with restraining notice on Göknur's counsel, Kaufman & Kahn LLP ("Kaufman" and "Kaufman Restraint and Subpoena"). Def.'s Br. Ex. 1 at Ex. D.

5. On October 5, 2020, Göknur, via its counsel, filed a notice of appearance in this matter, and did so generally, and without limitation. Dkt. No. 12.

6. On October 7, 2020, Göknur's counsel left a voice message with TFI's counsel concerning the discovery issued to Göknur and Kaufman.

7. Prior to conducting a meet and confer with TFI's counsel and/or seeking a conference with the Court as required by Judge Abrams's Individual Rules & Practices in Civil Cases for discovery related disputes ("Any party wishing to raise a discovery dispute with the Court, **must first** confer…..") (¶ 3), Göknur submitted its motion on October 12, 2020. Dkt. No. 13.[2]

8. At no point did Göknur challenge this Court's order authorizing email service upon Göknur's US legal counsel, Naomi Hills, Esq., or this Court's jurisdiction prior to submitting its Motion to Quash and to Modify Information Subpoenas and Notices of Restraint. Dkt. No. 13.

---

[2] While the discovery issued to Göknur is authorized under Rule 69 and the CPLR, it is the equivalent of Rule 33 post-judgment interrogatories, and thus should require adherence to Judge Abrams's rules.

**ARGUMENT**

**I.     GÖKNUR SUBMITTED TO THIS COURT'S JURISDICTION BY ENTERING A GENERAL APPEARANCE**

Göknur's October 5, 2020 notice of appearance was a general appearance, did not challenge jurisdiction, and was not contemporaneously filed with a challenge to personal jurisdiction. As such, Göknur has submitted to this Court's jurisdiction and has waived any right to challenge personal jurisdiction. *See Robertson v. United States*, No. 03-CV-1459, 2005 U.S. Dist. LEXIS 43415 at *9-10 (N.D.N.Y. May 4, 2005) (citing *Pon v. United States*, 168 F.2d 373 (1st Cir. 1948) (noting that it has "long been the rule and the practice" that if the defendant does not challenge personal jurisdiction upon appearance in court, he waives such objection).

When a party makes a general appearance in an action and does not contemporaneously challenge the jurisdiction of the Court, and does not otherwise timely challenge jurisdiction, personal jurisdiction is deemed waived. *Id.*; *United States v. Rosenberg*, 195 F.2d 583, 603 (2d Cir. 1952); *see also India S.S. Co. Ltd. v. Kobil Petroleum Ltd.*, 620 F.3d 160 (2d Cir. 2010) (finding that defendant "concede[d] that its general appearance conferred [to] the district court jurisdiction that is general and in personam," and that the defendant "therefore waived objection to jurisdiction over its person, asserted broadly."); *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 594 n.100 ("It is unclear from the [*Kobil*] text whether it was the defendant's concession, or the general appearance itself, that conferred personal jurisdiction on the court. Even if the Circuit did intend to focus on the defendant's appearance, though, it made no mention of a contemporaneous and explicit objection to personal jurisdiction.); *United States v. Pszeniczny*, 384 F. Supp. 3d 353, 364 (E.D.N.Y. 2019) (citing Kit Johnson, *Pereira v. Sessions*: *A Jurisdictional Surprise for Immigration Courts*, 50 Colum. Hum. Rts. L. Rev. 1, 4 (2019)) ("Defects in personal jurisdiction are waived by appearance, while defects in subject matter

4

jurisdiction persist"). Timeliness of the challenge to personal jurisdiction is paramount. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, (1982) ("[A]n individual may submit to the [personal] jurisdiction of the court by appearance.").

Here, on September 17, 2020, TFI served the Göknur Restraint. On September 23, 2020, TFI served the Göknur Subpoena. Exhibit 2 (Email Service of the Göknur Restraint and Göknur Subpoena). Both the restraint and the subpoena were served consistent with Rule 69 (and this Court's Order permitting email service), which allows a creditor to utilize state enforcement mechanisms. Noticeably, Göknur neglects to reference the date it was served with the Göknur Restraint and Göknur Subpoena, as well as its deadline to respond—as a timely challenge to personal jurisdiction is essential to preserving the defense—despite identifying the specific date for every other event and mailing. Def.'s Br. at 3-4.

Nonetheless, the deadline for Göknur to respond to the Göknur Subpoena was September 30, 2020. CPLR § 5224 (a)(3). Göknur did not timely respond. Instead, five days later, on October 5, it noticed its appearance in the action. Dkt. No. 12. At the time, Göknur did not challenge personal jurisdiction. It was not until October 12, 2020, twelve days after the subpoena response deadline, that Göknur filed its motion to quash and jurisdictional challenge. Because Göknur failed to challenge this Court's personal jurisdiction at the time it made an appearance, and did not timely challenge personal jurisdiction, it has waived this objection and conferred jurisdiction on this Court. As such, Göknur's motion to quash should be denied and the Court should mandate compliance with both the information subpoena questions and restraining notice.

## II.  ANY PROPERTY HELD BY JUDGMENT DEBTOR'S COUNSEL IS SUBJECT TO THE CPLR RESTRAINING NOTICE

Göknur opposes the Kaufman Restraint and Subpoena under CPLR 5240 and seeks a modification to TFI's enforcement rights. Def.'s Br. at 8-10. In doing so, Göknur—a fully

5

operational business—attempts to improperly reduce TFI's judgment enforcement rights by eliminating its right to freeze assets presumably held in Kaufman's IOLA account. Because "only the gravest circumstances warrant CPLR 5240 equitable modification in the face of a valid judgment," this Court must reject Göknur's request for the modification. *See Allstate Ins. Co. v. Mirvis*, No. 08-CV-4405 (PKC) (PK), 2020 U.S. Dist. LEXIS 72708, at *12 (E.D.N.Y. Apr. 24, 2020) (quoting *Midlantic Nat. Bank/N. v. Reif*, 732 F. Supp. 354, 357 (E.D.N.Y. 1990)).

First, and to be clear, Göknur's counsel was served with two distinct post-judgment enforcement devices: (1) the Kaufman Subpoena and (2) the Kaufman Restraint. Neither Göknur—nor Kaufman—challenges the law firm's obligation to provide sworn responses to questions in the Kaufman Subpoena, yet the firm has inexplicably failed to provide such within the required seven day period. CPLR 5224(a)(3) ("Answers shall be returned together with the original of the questions within seven days after receipt."). Rather, Göknur asks that the Court modify the Kaufman Restraint so that it can "pay its counsel for legal fees and costs . . ." In essence, Göknur, who continues to flout its judgment obligations, asks the Court to support its continued effort to evade its judgment obligations to TFI. *See, e.g.*, *Chrysler Fin. Servs. Ams. LLC v. Morante*, 29 N.Y.S.3d 846 (1st Dep't 2015) (concurring opinion) ("[CPLR 5240] is to be used to aid a party who has been 'inequitably burdened by enforcement procedures . . . to allow him an opportunity to either meet his legal obligation or postpone the enforcement of a judgment until such time that its enforcement is more properly sought.'") (citation omitted); *Midlantic National*, 732 F.Supp. at 356 ("CPLR 5240 is plainly designed to prevent the brutal use of legal procedures against a judgment debtor.").

Initially, Göknur does not appear to comprehend the ramifications of the restraining notice. The Kaufman Restraint does not prevent Kaufman from being paid for its services, as Göknur

argues. The Kaufman Restraint simply requires that Kaufman restrain any "property in which the Judgment Debtors have an interest." CPLR 5222(b) ("[Third-party] served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest . . ."). In other words, any assets, including monies which Kaufman holds in its trust account, or elsewhere, which are the property of Göknur, are subject to the restraint. *See Motorola Credit Corp. v. Uzan*, No. 02-cv-666 (JSR), 2015 U.S. Dist. LEXIS 51326, at *7 (S.D.N.Y. Apr. 13, 2015) (explaining that restraining notices are effective "against assets in which the judgment debtor has a direct interest."); *SEC v. Dawson*, No. 06-CV-6360 (JFB)(WDW), 2007 U.S. Dist. LEXIS 63248 (E.D.N.Y. Aug. 27, 2007) ("It is clear that any funds held in an attorney's trust account remain [] the property of the payor.") (citing *Gala Enters., Inc. v. Hewlett Packard Co.*, 970 F.Supp. 212, 217 (S.D.N.Y. 1997); *M.M. v. T.M.*, 17 N.Y.S.3d 588 (Sup. Ct. Monroe Co. 2015) (finding that a retainer paid to counsel to defend an enforcement proceeding is subject to a restraining notice).

In seeking a modification of the restraint, Göknur relies on *SEC v. Pentagon Capital Mgmt. PLC* for the proposition that this Court can modify a restraining notice so a judgment debtor's legal fees can be paid. Def.'s Br. at 9. However, that case does not support this argument and Göknur ignores the key fact that the *Pentagon Capital* judgment debtor was in administration in England (the equivalent to a Chapter 11 bankruptcy). *SEC v. Pentagon Capital Mgmt. PLC*, No. 08-cv-3324, 2013 U.S. Dist. LEXIS 151298, *8 (S.D.N.Y. Oct. 18, 2013). There, as a result of the administration, *Pentagon Capital's* counsel would have no other source for payment and be hamstrung in presenting appeals and representing its client.

Göknur also argues that courts have vacated restraining notices pursuant to CPLR 5240 to prevent "unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice."

Def.'s Br. at 9; *Costello v. Casale*, 39 A.D.3d 797 (2d Dep't 2007). However, the *Costello* ruling, as in nearly all cases modifying judgment creditor remedies, includes individual consumers and hardships not applicable here. *Id*. (vacating a restraint when the principal judgment amount had already been paid and only a small amount of interest and costs were owed); *Aersale, Inc. v. Evergreen Intl. Airlines, Inc.*, 998 N.Y.S.2d 305 (Sup. Ct. New York Co. 2013) (vacating restraint because the judgment debt was already paid).

Göknur contends that the restraint served on Kaufman prevents it from receiving payment for its services. This is only partially correct: yes, the Kaufman Restraint prevents Kaufman from being paid from monies which Kaufman *holds currently* on behalf of Göknur, but it does not prevent Kaufman from being paid from other sources. Göknur is an active and thriving business that is simply avoiding its judgment obligations. Indeed, post-judgment discovery shows Göknur maintains a vast network of global entities from the Middle East to Europe—including a New Jersey entity, United Juice Corporation, which pays Göknur's US legal counsel her monthly salary.[3] Exhibit 3; Dkt No. 11 (permitting email service on Göknur's "in-house counsel. . . N. Hills, Esq."). The goal of a supervising court is to "harmoniz[e] the judgment debtor's interest in avoiding irreparable. . . harm. . .with the legitimate interest of a creditor in securing payment for a valid debt." *Chrysler Fin. Servs. Ams. LLC*, at 29 N.Y.S. 3d 846 (citation omitted). It is hard to see how Göknur paying its counsel's fees from funds outside of a current retainer causes "irreparable harm" or in any way supports a modification of the restraint, and Göknur has put forth no argument supporting such.

---

[3]  *See* Göknur's website; https://www.goknur.com.tr/eng/kurumsal-1-about-us.html  (reflecting that it is "among the largest 500 companies of Turkey" and has "461 employees and USD 130 million [annual revenue]") (last accessed Oct. 19, 2020).

Thus, while this Court maintains the discretion under CPLR 5240 to modify the Kaufman Restraint, doing so would eliminate a key creditor right provided by the CPLR, have absolutely no impact on Göknur's ability to retain counsel, force no hardship on Göknur, and is far from the "gravest circumstances" that warrant modification of TFI's rights. Consequently, Kaufman must continue following the injunctive mandates of the restraining notice and promptly produce sworn responses to the duly served information subpoena questions.

## CONCLUSION

For the foregoing reasons, Plaintiff Townsend Farms, Inc. respectfully requests that this Court deny Defendant Goknur Gida Maddeleri Enerji Imalate Ithalat Ihracat Ticaret Ve Sanayi A.S.'s motion to quash and to modify information subpoenas and notices of restraint, mandate Kaufman's compliance with the restraining notice, compel its information subpoena response, and provide any other relief this Court deems just and proper.

DATED: Washington, D.C.
         October 19, 2020

Respectfully submitted,

BLUESTONE LAW, LTD.
*Attorneys for Plaintiff/Judgment Creditor*

By: /s/ *M. Zachary Bluestone*
     M. Zachary Bluestone
1717 K Street, Suite 900
Washington, D.C. 20006
(202) 655-2250
mzb@bluestonelaw.com

## **CERTIFICATE OF SERVICE**

      I, M. Zachary Bluestone, hereby certify that on October 19, 2020 a copy of the foregoing, including exhibits, was filed using this Court's CM/ECF notification service, which will send a copy of such filing to all counsel of record.

                                                                            */s/ M. Zachary Bluestone*
                                                                            M. Zachary Bluestone