UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                         :

TOWNSEND FARMS, INC.,              :

               Plaintiff,      :

      - against -           :

GÖKNUR GIDA MADDELERI ENERJI    :
IMALATE ITHALAT IHRACAT TICARET   :
VE SANAYI A.Ş. and UNITED JUICE CORP.,  :

             Defendants.    :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/9/2020

20-MC-75 (RA) (RWL)

**DECISION AND ORDER
ON MOTION TO QUASH
AND TO MODIFY**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

     This action began when Plaintiff ("Townsend") filed to register a judgment it

obtained against Defendant ("Göknur") from federal court in California (the "California

Action").  To collect on its judgment, Townsend issued information subpoenas and

restraining notices, including against Göknur as well as Göknur's law firm in this action,

Kaufman & Kahn, LLP ("K&K").  Göknur now moves (1) pursuant to Rule 45(d)(3) of the

Federal Rules of Civil Procedure, to quash the information subpoena and restraining

notice served on Göknur due to lack of personal jurisdiction, and (2) pursuant to § 5240

of the New York Civil Practice Law and Rules, to modify the restraining notice served on

K&K to allow K&K to be paid its attorneys' fees in connection with representing Göknur

in post-judgment discovery, including the instant motion.  The Court does not condone

Göknur's failure to satisfy the final judgment against it.  But for the reasons set forth

below, its motion to quash and to modify is GRANTED in its entirety.

## **Background**[1]

The facts dispositive to this motion are undisputed. Göknur is a foreign corporation incorporated under the laws of Turkey, with its principal place of business in Turkey. Göknur has virtually no contacts with New York: it does not have an office in New York; is not registered to do business in New York; does not have any assets in New York; has never availed itself of courts in New York; and has no shareholders, directors, or officers residing in New York. Göknur, however, has used the services of New York attorney Naomi Hills, using a Göknur email address, in connection with the California Action.

The California Action arose from events having nothing to do with New York. In short, Göknur sold pomegranate arils that were imported by its subsidiary, United Juice Corp., and made their way from New Jersey to California, where the arils ultimately were sold to Townsend, an Oregon corporation with its principal place of business in Oregon. Townsend then used some of the arils, along with those of other suppliers, in an antioxidant blend of several berry ingredients. Townsend's product was later linked to an outbreak of hepatitis A in the western United States, which led to a recall. Townsend, along with other plaintiffs, then sued Göknur and United Juice in federal district court in California.

---

[1] The background is drawn in part from Plaintiff's papers, including Applicant's Memorandum of Law in Support (Dkt. 13-7) ("Mem."), Reply Memorandum of Law (Dkt. 15) ("Reply"), supporting declarations of Osman Aslanali, dated October 9, 2020 (Dkt. 13-1) ("Aslanali Decl."), and Mark S. Kaufman, dated October 12, 2020 (Dkt. 13-2) ("Kaufman Decl. I"), as well as October 21, 2020 (Dkt. 15-1) ("Kaufman Decl. II"), and accompanying exhibits. The background is also drawn in part from Defendant's papers, including Judgment Creditor's Opposition (Dkt. 14) ("Opp.") and sur-reply letter, dated October 22, 2020 (Dkt. 16) ("Sur-Reply").

After a jury trial and an appeal, final judgment was entered on December 27, 2019, in Townsend's favor for $2.7 million plus interest.   On February 6, 2020, Townsend registered the judgment in this court.  (Dkt. 1.)  Göknur did not, and still has not, paid the judgment.  Accordingly, Townsend has sought to enforce the judgment. As relevant here, Townsend availed itself of New York State enforcement mechanisms, made applicable in federal litigation by Rule 69(a) of the Federal Rules of Civil Procedure.  Townsend thus served Göknur on September 17, 2020, with a restraining notice, and on September 23, 2020, with an information subpoena, having obtained permission from the Court to effect service by emailing the documents to attorney Hills. (Dkt. 11.)  Pursuant to N.Y. C.P.L.R. § 5224(a)(3), the deadline for response to the information subpoena was September 30, 2020.

Göknur then retained K&K to represent it and contest enforceability of the subpoena and restraining notice.  In the meantime, Hills sought an extension of time to respond to the subpoena, but the parties could not agree on terms.  On September 30, 2020, Hills therefore informed Townsend's attorney (Zachary Bluestone) that Göknur objected to the subpoena and had retained K&K to make a limited appearance to challenge jurisdiction.  (Kaufman Decl. II Ex. 1 at 1.)  Townsend's attorneys responded by serving K&K by mail with an information subpoena and restraining notice, dated October 1, 2020, which K&K did not receive until October 6, 2020.  By that time, K&K had already begun work on the instant motion and filed a notice of appearance by ECF (the court's electronic case filing system) on October 5, 2020.

On October 7, 2020, Townsend's attorney Kaufman left a voicemail for Townsend attorney Bluestone stating that the Southern District of New York lacked

personal jurisdiction over Göknur and asking if Townsend would vacate the subpoenas and notices.  Not having received a response from Bluestone, K&K filed the instant motion on October 12, 2020.

## Motion to Quash

The fact that this is an action to enforce a judgment pursuant to Rule 69 of the Federal Rules of Civil Procedure does not expand the Court's ability to exercise personal jurisdiction over a party.  *See Estate of Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541, 547 (S.D.N.Y. 2005), *aff'd*, 332 F. App'x 643 (2d Cir. 2009) (applying general rules of personal jurisdiction in federal cases to discovery served in aid of enforcing judgment).  Accordingly, the subpoena and restraining notice directed to Göknur cannot be enforced if the Court does not have personal jurisdiction over Göknur.

In its opening brief, Göknur established exactly that.  The Court does not have general jurisdiction over Göknur as it is neither incorporated nor based in New York, and does not have such "continuous and systematic" contacts as to be considered "at home" in New York.  *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014).  The Court does not have specific jurisdiction over Göknur because the persons and events are not sufficiently connected to New York to satisfy the State's long-arm statute.  *See* N.Y. C.P.L.R. § 302 (identifying acts giving rise to cause of action that qualify as a basis for jurisdiction).  Additionally, Göknur does not have the minimum contacts with New York necessary to render the exercise of jurisdiction over Göknur consistent with constitutional due process.  *See, e.g.*, *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 886 (2011) (personal jurisdiction not found due to lack of minimum

contacts).     Indeed,   Townsend's   opposition   nowhere   challenges   Göknur's demonstration of this Court's lack of personal jurisdiction over Göknur.[2]

Instead, Townsend grounds its opposition to the motion to quash on the contention that Göknur submitted to this Court's jurisdiction by entering a general appearance.  That contention does not survive scrutiny.

A party may appear in an action for the purpose of challenging personal jurisdiction without submitting itself to jurisdiction by making the challenge.  A rule otherwise would hardly be fair.  However, a party seeking to challenge personal jurisdiction must do so in timely fashion.  Pursuant to Rules 12(b) and 12(h) of the Federal Rules of Civil Procedure, a party waives the right to challenge personal jurisdiction if they do not raise it in an answer or a pre-answer motion.

Townsend argues that when K&K appeared as counsel for Göknur by ECF it did not qualify its appearance as specific rather than general and thereby waived the right to challenge jurisdiction.   But the distinction between specific and general appearances is not a meaningful one.  As explained in *Pacnav S.A. v. Effie Business Corp.*, No. 06-CV-13512, 2010 WL 2102714, at *2 (S.D.N.Y. May 20, 2010), "the Federal Rules of Civil Procedure do not require a special appearance and a party can

---

[2] Townsend does not even argue that Göknur's use of a New York attorney, Hills, confers jurisdiction over Göknur.  Hills represented Göknur in connection with the California litigation, not this case.  And Townsend has not presented facts establishing the extent of Hills' work for Göknur, other than using a Göknur email address, requesting an extension in response to being served with the subpoena and notice directed at Göknur, and informing Townsend's attorney that Göknur would be retaining different counsel to represent it in this action and to make a limited appearance for the purpose of challenging personal jurisdiction.  *See Fagan v. Republic of Austria*, No. 08-CV-6715, 2011 WL 1197677, at *15 (S.D.N.Y. March 25, 2011) (involvement of American lawyers in unsuccessful settlement discussions concerning matter abroad did not confer personal jurisdiction over foreign entity).

file a general appearance and object to personal jurisdiction at any time before the answer is filed or in the answer."

It therefore comes as no surprise that Townsend's argument was rejected in *Chencinski v. Murga*, No. 13-CV-10519, 2013 WL 3810344 (E.D. Mich. July 23, 2013). There, the plaintiff argued, just as Townsend does here, "that the filing of an appearance with the court's Electronic Filing System ("ECF") is enough to consent to personal jurisdiction." *Id.* at *2. The court disagreed, finding the plaintiff's position "particularly problematic and troublesome" and concluding that the administrative act of registering as counsel of record for the purpose of receiving notifications by ECF does not effect a consent to jurisdiction. *Id.* at *3-4. Although *Chencinski* is not controlling precedent, the Court finds it persuasive. And Townsend has provided no contrary authority.[3]

Although the instant case involves a response to subpoenas, not a complaint, Göknur's motion to quash is the first substantive pleading it has filed, similar to a pre-answer motion to dismiss. Göknur did nothing that can be construed to create an expectation that it would not challenge personal jurisdiction. To the contrary, attorney Hills conveyed exactly that on September 30, 2020, when she informed Townsend's attorney that K&K would be appearing to challenge jurisdiction.

Townsend also argues that Göknur's jurisdictional objection comes too late, because the last day to respond to the information subpoena was September 30, 2020, only seven days after it was served. Again, that argument overlooks that on September 30, 2020, Hills told Townsend's attorney that Göknur objected to the

---

[3] The Court agrees with Göknur that the cases cited by Townsend are quite inapt. (*See* Reply at 4-5 (readily distinguishing Göknur's cases).)

subpoena and would be challenging jurisdiction.

In sum, Göknur's motion to quash has substantial merit and is granted.

## Motion to Modify

The Court also finds merit in the motion to modify the restraining notice served on K&K.  "CPLR 5240 is an omnibus section empowering the court to exercise broad powers over the use of enforcement procedures," the purpose of which is "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice …."  *Paz v. Long Island Railroad*, 241 A.D.2d 486, 487, 661 N.Y.S.2d 20, 22 (2d Dep't 1997); *see also SEC v. Pentagon Capital Management PLC*, No. 08-CV-3324, 2013 WL 5815374, at *5 (S.D.N.Y. Oct. 29, 2013) (district courts are not prevented from modifying restraining notices pursuant to N.Y. C.P.L.R. § 5240 "to prevent harsh or unjust results").  Here, the Court's intervention is needed here to prevent undue prejudice and disadvantage.

The restraining notice directed to K&K is broad and generally bars K&K from transferring or interfering with any property in which Göknur has an interest.  (*See* Kaufman Decl. I Ex. D at 2.)  This restraint arguably extends to any funds held in trust by K&K that are designated for payment for K&K's services and any future funds paid by Göknur to K&K for services in connection with post-judgment enforcement proceedings.  Without modification of the restraint, Göknur would not be able to pay counsel to advance whatever rights it may have as a judgment debtor.  Townsend disputes that fact, asserting that the restraining notice "does not prevent [K&K] from being paid for its services" but rather "simply requires that [K&K] restrain any 'property in which [Göknur] ha[s] an interest.'"  (Opp. at 6-7 (citing N.Y. C.P.R.L. § 5222(b)).)

One cannot be faulted for wondering how K&K can be paid for its defense of Göknur if it must restrain – i.e., not transfer to its own account – the very funds that Göknur has provided or will provide K&K for that defense.[4]

In *SEC v. Pentagon Capital Management*, the court confronted a similar scenario.  There, the SEC, as judgment creditor, served discovery demands and a restraining notice on the attorneys for defendant Pentagon Capital Management PLC ("PCM"), who were in the process of appealing the judgment at issue and addressing post-judgment discovery.  The law firm moved to modify the restraining order to allow PCM to pay attorney fees incurred while representing PCM as judgment debtor.  The court modified the restraining notice, permitting the law firm to be compensated for its services and acknowledging the law firm's argument that the plaintiff's tactic "prevents PCM from having a full and fair opportunity to pursue appellate review and protect its rights in the post-judgment proceedings."  2013 WL 5815374 at *5.  Townsend attempts to distinguish the PCM case because the debtor in that case was subject to an insolvency proceeding in the England.  That distinction is beside the point.  Absent modification of the restraining notice, the judgment debtor would not have been able to compensate its attorneys, thereby preventing it from contesting post-judgment discovery in New York.  The same is true here.

Modification is similarly warranted here to prevent Göknur from similarly being deprived of a "full and fair opportunity" to protect its rights.[5]  To be clear, the only

---

[4] Perhaps Townsend means to distinguish between the funds already provided by Göknur that reside in K&K's trust account and different funds that Göknur has not yet provided to K&K but would later to do so to pay for its defense.  The Court fails to see how the restraining notice would not apply to both sets of funds.

modification requested, and the only modification granted, is that the restraining notice shall not prevent Göknur's payments to K&K for its services in defending Göknur in this proceeding or other efforts by Townsend to enforce the judgment.

## Conclusion

Townsend more than once refers to the fact that Göknur is a successful and wealthy business.  If that is so, then Göknur's failure to pay the final judgment to Townsend is all the more galling.  But Göknur's wealth does not dictate whether Göknur should be deprived of representation.  Accordingly, for the foregoing reasons, Göknur's motion is GRANTED and (1) the information subpoena and restraining notice served on judgment debtor Göknur are quashed, and (2) the restraining notice served on Kaufman & Kahn, LLP, is modified to allow the firm to receive payment for legal services provided in connection with the instant motion and with any post-judgment discovery pursued by Townsend.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  December 9, 2020
          New York, New York

Copies transmitted this date to all counsel of record.

---

[5] Once again, the cases cited by Townsend are off the mark.  Indeed, half of them merely stand for the proposition that absent modification, the restraining notice would apply to funds held by K&K.